In re JC'S EAST, INC., doing business as Lolabelle, Debtor.

JC'S EAST, INC., Plaintiff–Appellee,

v.

Susan TRAUB and Murray Traub, Defendants–Appellants.

No. 1307, Docket 95–5073.

United States Court of Appeals, Second Circuit.

Argued April 4, 1996.

Decided May 15, 1996.

Response to Order to Show Cause Aug. 12, 1996.

Martin F. Brecker, Anderson Kill Olick & Oshinsky, New York City, for Defendants–Appellants.

Jeffrey A. Mitchell, Fischbein Badillo Wagner Harding, New York City, for Plaintiff–Appellee.

Before: WINTER, JACOBS, and CABRANES, Circuit Judges.

PER CURIAM:

In our prior opinion in this matter, *JC's East v. Traub*, 84 F.3d 527 (2d Cir.1996), familiarity with which is assumed, we ordered appellants and their counsel to show cause why they should not be sanctioned pursuant to Fed.R.App.P. 38. *Id.* at 532. We have reviewed the materials submitted to us by both parties and have decided not to impose sanctions.

We issued the order to show cause because of our view that the Traubs' affidavits were not in the nature of private contracts but were papers submitted to the bankruptcy court specifically to induce the entry of an order by that court approving a reorganization plan. *Id.* at 531. In that light, we viewed the issue as one of federal law and the efforts by the Traubs to avoid the consequences of their affidavits as bordering on fraud on the court. *Id.* We therefore concluded that the New York law of private contracts was irrelevant, even though we believed it to be consistent with our decision. *Id.*

Appellants and their counsel note in response to the order to show cause that the decisions of the bankruptcy court and of the district court relied exclusively upon New York law as the governing authority. We have in that regard also examined appellee's brief and found that it too relied upon New York contract law. Given that the two courts and the appellants' adversary seemingly agreed that the issue was one of New York law, we will view the sanctions issue as limited to the question of whether the appeal was frivolous in light of the New York law of contracts. We conclude that, although the appeal was meritless by that standard, it falls somewhat short of the test of frivolousness. We therefore decline to impose sanctions.